MOON VENTURES, L.L.C., ET AL.

VERSUS

KPMG, L.L.P., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 99-2037, DIV. D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Ezell, J. dissents and assigns written reasons.

Joseph R. Joy, III
Joseph Joy & Associates
Post Office Box 4929
201 Rue Iberville, Suite 300
Lafayette, Louisiana 70508
(337) 232-8123
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Moon Ventures, L.L.C.
    Bankruptcy Estate of Moon Ventures, L.L.C.
    Rudy O. Young, Chapter 7 Trustee of the Bankruptcy
    Estate of Moon Ventures, L.L.C.

Oscar E. Reed, Jr.
LaBorde Law Firm
Post Office Box 80098
Lafayette, Louisiana 70598-0098
(337) 261-2617
COUNSEL FOR PLAINTIFF/APPELLANT:
    Moon Ventures, L.L.C.

**Luke Motley, IV**
**Sanders, O'Hanlon & Motley, P.L.L.C.**
**111 South Travis Street**
**Sherman, Texas  75090**
**(903) 892-9133**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
> **Moon Exploration, L.L.C.**
> **Mark H. Massey**

**John Gregory Odom**
**Charles F. Zimmer II**
**John Alden Meade**
**Odom & Des Roches, L.L.P.**
**650 Poydras Street, Suite 2020**
**New Orleans, Louisiana  70130**
**(504) 522-0077**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **KPMG, L.L.P.**
> **J. Mark Garrett**

**Paul J. Hebert**
**Mark D. Sikes**
**Ottinger, Hebert, Sikes & Hebert, L.L.C.**
**1313 West Pinhook Road**
**Lafayette, Louisiana  70505**
**(337) 232-2606**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **KPMG, L.L.P.**
> **J. Mark Garrett**

**GENOVESE, Judge.**

Plaintiffs, Moon Ventures, L.L.C.; Mr. Rudy O. Young, Chapter 7 Trustee of the bankruptcy estate of Moon Ventures, L.L.C.; the bankruptcy estate of Moon Ventures, L.L.C.; Moon Exploration, L.L.C.; and Mark Massey (Plaintiffs will hereafter be referred to collectively as Moon Ventures), appeal the trial court's judgment sustaining the peremptory exception filed by Defendants, KPMG, L.L.C. and its employee, J. Mark Garrett (KPMG), dismissing Moon Ventures's claims against KPMG. For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

In March of 1998, Moon Ventures entered into negotiations to purchase the assets of Nautica Marine Services, L.L.C. (Nautica). Moon Ventures hired KPMG to provide accounting services to assist them in the evaluation of Nautica's assets. KPMG was to confirm all of Nautica's accounts receivable valued over $10,000. KPMG drafted confirmation letters to the companies Nautica listed as owing Nautica money on those accounts receivable. KPMG tendered a draft report to Moon Ventures in July of 1998 stating that the "results of the confirmations were pending." Moon Ventures alleges that KPMG failed to confirm the accounts receivable prior to the purchase of Nautica in September of 1998. Moon Ventures claims that it was unable to collect on the accounts due to claims of breach against Nautica and that KPMG was negligent in failing to discover these claims prior to Moon Ventures's purchase of Nautica. Moon Ventures filed a lawsuit against KPMG in April of 1999, alleging economic loss and general damages due to the negligent accounting practices of KPMG. KPMG answered the lawsuit, asserting several affirmative defenses; however, KPMG did not file a dilatory exception of prematurity, and the matter was

1

never presented to a public accountant review panel as required by La.R.S. 37:105.

On June 13, 2005, over six years after suit was filed, and after sporadic discovery and litigation, KPMG filed a "Peremptory Exception of Peremption pursuant to La.R.S. 9:5604 and the Louisiana Accountancy Act." In its exception, KPMG asserted that "[t]o date, almost seven years since this lawsuit was filed, the Plaintiffs have never requested review by the requisite accounting review panel." KPMG argued that the Moon Ventures lawsuit had perempted because of its failure to first present its claims to a review panel as required by La.R.S. 37:105. Moon Ventures argued that KPMG waived its right to claim that the lawsuit was premature when it answered the lawsuit and participated in discovery without filing a dilatory exception of prematurity prior to filing its answer. Further, Moon Ventures argued that the timely filing of its petition negated the peremptive time period set forth in La.R.S. 9:5604.

The trial court granted KPMG's exception and dismissed the claims of Moon Ventures with prejudice. Moon Ventures appeals.

**ASSIGNMENTS OF ERROR**

Moon Ventures appeals the judgment of the trial court, asserting three assignments of error:

1. The trial court erred in holding that KPMG did not waive its right to claim the suit as premature when it answered the lawsuit without asserting a prematurity exception, as a dilatory exception of prematurity is the proper procedural mechanism for challenging a claim brought in district court prior to filing with the accounting review panel.

2. The trial court erred in holding that Plaintiff's claims were perempted pursuant to La.R.S. 9:5604 and the Louisiana Accountancy Act [La.R.S. 37:71, *et seq*.].

3. The trial court erred in holding that the review panel provisions of the Louisiana Accountancy Act were constitutional.

2

Because the first two assignments of error are so closely related in this matter, we shall address them together. Because the constitutionality of the Louisiana Accountancy Act was not properly raised or ruled on in the trial court below, nor did Defendants alert the attorney general that the constitutionality of the act was under attack as required by law[1], we need not and do not address the third assignment of error relative to the constitutionality of the Louisiana Accountancy Act.

## STANDARD OF REVIEW

The issue before this court is whether the Moon Ventures lawsuit, which was filed within one year of the alleged negligence, has preempted, considering the time constraints imposed by La.R.S. 9:5604 and the fact that its claims were not presented to a public accountancy review panel pursuant to the mandates of La.R.S. 37:102. This issue involves a question of law. Questions of law are reviewed under the *de novo* standard of review. *Louisiana Mun. Ass'n v. State*, 04-227 (La. 1/19/05), 893 So.2d 809. Therefore, we must determine whether the ruling of the trial court was legally correct. *City of New Orleans v. Board of Comm'r of Orleans Levee Dist.*, 93-690 (La. 7/5/94), 640 So.2d 237.

## DISCUSSION

This case involves the application of La.R.S. 9:5604, as well as the "Louisiana Accountancy Act" found in Title 37 of the Louisiana Revised Statutes. Louisiana Revised Statutes 9:5604, which contains the time limitations applicable to actions concerning professional accounting liability, provides, in pertinent part:

A. No action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon

---

[1]*See Reno v. Scafco, L.L.C.*, 03-1232 (La.App. 3 Cir. 3/3/04), 870 So.2d 311, *writ denied,* 04-1419 (La. 9/24/04), 882 So.2d 1142; *Vallo v. Gayle Oil Co, Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859.

tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. . . . The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Louisiana Revised Statutes 37:102 provides, in pertinent part:

A. All claims against certified public accountants or firms, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a public accountant review panel established pursuant to R.S. 37:109.

B. Review of a claim by a public accountant review panel shall not take place unless, within the time limitations provided for in R.S. 9:5604, a claimant files with the society a written request for review of the claim and pays to the society a one hundred dollar filing fee to defray the society's administrative costs incurred in performing the duties imposed on it by this Part.

Louisiana Revised Statutes 37:105, as it existed at the time of the filing of the

Moon Ventures lawsuit, provides, in pertinent part:

A. Except as provided in this Part, no action against a certified public accountant or firm or his insurer may be commenced in any court before the claimant's request for review has been presented to a public accountant review panel established pursuant to this Part and the panel has issued a written opinion.

In the same year that the legislature enacted La.R.S. 37:102 and La.R.S. 37:105,

it enacted La.R.S. 37:125 (repealed in 2006), which provides:

A claimant's filing with the society of a written request for review and paying to the society of the one hundred dollar filing fee in accordance with R.S. 37:102(B) shall be deemed that claimant's exercise of his right to seek judicial cognizance of the claim or claims described in the written request for review for purposes of R.S. 9:5604. . . .

4

As set forth in *Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C.*, 04-1227, pp. 11-12, (La.App. 1 Cir. 6/10/05), 916 So.2d 252, 258-59 (footnotes omitted):

> The time periods that govern actions for professional accountant liability are set forth in LSA-R.S. 9:5604 and are peremptive. Thus, if the right to bring such a claim is not exercised within those time periods, the claim is extinguished. *See* LSA-C.C. art. 3468. Overlaid on the requirements of LSA-R.S. 9:5604 are those set forth in Title 37 relative to review panels. Applying principles of statutory construction to harmonize the applicable statutes, we turn to LSA-R.S. 37:125. Therein, the legislature explicitly provided that a claimant is deemed to have exercised its right to bring a claim for professional accountant liability and prevents the extinguishing effect of peremption when it files a request for review by a review panel. Thus, we interpret the applicable statutes to provide that peremption under LSA-R.S. 9:5604 is avoided when a claimant files a request for review of its claim of professional accounting liability within one year of the negligent act, or one year of discovering the negligent act, but not more than three years after the negligent act. *See* LSA-R.S. 9:5604; LSA-R.S. 37:102; LSA-R.S. 37:125.

Moon Ventures argues that the review panel requirement and KPMG's right to assert peremption were waived due to KPMG's failure to file an exception of prematurity. In support of its contention, Moon Ventures cites *Solow v. Heard, McElroy & Vestel, L.L.C.*, 05-1028, pp. 4-5, (La.App. 4 Cir. 4/12/06), 937 So.2d 875, 878, *writ denied*, 06-1680 (La. 10/6/06), 938 So.2d 80, which states that "[t]he jurisprudence has recognized that the parties may waive the [review] panel by failing to assert a dilatory exception of prematurity timely as required by La. C.C. P. art. 926(B), which states '[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein.'" (Second alteration in original). The *Solow* court cites *Saia v. Asher*, 01-1038 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257, for this premise. The pertinent language in *Saia* states that:

> La. R.S. 40:1299.39.1 provides a similar provision for any claims against a state health care provider in that they must be brought before a medical review panel before suit may be commenced in a court. This court and the Louisiana Supreme Court have held the dilatory exception of prematurity is the

proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider. *See Spradlin v. Acadia-St. Landry Medical Foundation*, 98-1977, p. 4 (La.2/29/00), 758 So.2d 116, 119. La C.C.P. art. 926(B) states, "All objections which may be raised through the dilatory exception are waived unless pleaded therein." The parties have not raised this objection and it is waived.

*Id*. at 1259, fn 3.

KPMG argues that while it may have waived the right to assert a dilatory exception of prematurity, it did not waive the right to the review panel, which may only be waived "[b]y written agreement of both parties." La.R.S. 37:107. KPMG cites La.Civ.Code art. 3461, which states "[p]eremption may not be renounced, interrupted, or suspended." Finally, KPMG contends that it did not waive the right to assert an exception of peremption, which may be raised by a party or by a court "at any time prior to final judgment." La.Civ.Code art. 3460.

The issue before us is not whether peremption has run, but whether KPMG waived its right to require that the matter be presented to the review panel. It is undisputed that Moon Ventures filed its claim in a court of competent jurisdiction within one year of the alleged negligence as required by La.R.S. 9:5604. It is likewise undisputed that KPMG failed to timely file an exception of prematurity in accordance with La.Code Civ.P. arts. 926 and 928. Consequently, we find that KPMG has waived its right to require that the matter be presented to a review panel when it filed not only one but two answers in this litigation and participated in discovery without timely filing a dilatory exception of prematurity. KPMG's peremption defense lacks merit.

**DECREE**

For the above reasons, we find the ruling of the trial court sustaining KPMG's

exception of peremption and dismissing the claims of Moon Ventures to be legally incorrect. Therefore, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Defendants, KPMG, L.L.C. and J. Mark Garrett.

**REVERSED AND REMANDED.**

MOON VENTURES, LLC

VERSUS

KPMG, LLP, ET AL.


**EZELL, J., dissenting.**

I respectfully disagree with the majority opinion and, for the following reasons, would affirm the decision of the trial court.

The majority correctly notes that this case involves application of La.R.S. 9:5604 as well as legislative enactments found in Title 37 of the Revised Statutes, or the "Louisiana Accountancy Act." However, I disagree with the conclusion reached as a result of their interpretation of these statutes. Louisiana Revised Statute 9:5604, which contains the time limitations applicable to actions concerning professional accounting liability, provides in pertinent part:

> A. No action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction **and proper venue** within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

> B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. . . . **The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.**

1

Louisiana Revised Statute 37:102 provides, in pertinent part:

A. All claims against certified public accountants or firms, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a public accountant review panel established pursuant to R.S. 37:109.

B. Review of a claim by a public accountant review panel shall not take place unless, within the time limitations provided for in R.S. 9:5604, a claimant files with the society a written request for review of the claim and pays to the society a one hundred dollar filing fee to defray the society's administrative costs incurred in performing the duties imposed on it by this Part.

Louisiana Revised Statute 37:105, as it existed at the time of filing, provides:

A. Except as provided in this Part, **no action against a certified public accountant or firm or his insurer may be commenced in any court before the claimant's request for review has been presented to a public accountant review panel established pursuant to this Part and the panel has issued a written opinion.**

In the same year that the legislature enacted La.R.S. 37:102 and La.R.S. 37:105, it enacted La.R.S. 37:125, which provides:

A claimant's filing with the society of a written request for review and paying to the society of the one hundred dollar filing fee in accordance with R.S. 37:102(B) shall be deemed that claimant's exercise of his right to seek judicial cognizance of the claim or claims described in the written request for review for purposes of R.S. 9:5604. . . .

As set forth in *Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C.*, 04-1227, p. 11-12, (La.App. 1 Cir. 6/10/05), 916 So.2d 252, 258-259 (footnotes omitted):

The time periods that govern actions for professional accountant liability are set forth in LSA-R.S. 9:5604 and are peremptive. Thus, if the right to bring such a claim is not exercised within those time periods, the claim is extinguished. *See* LSA-C.C. art. 3468. Overlaid on the requirements of LSA-R.S. 9:5604 are those set forth in Title 37 relative to review panels. Applying principles of statutory construction to harmonize the applicable statutes, we turn to LSA-R.S. 37:125. Therein, the legislature explicitly provided that a claimant is deemed to have exercised its right to bring a claim for professional accountant liability and prevents the extinguishing effect of peremption when it files a request for review by a review panel. Thus, we interpret the applicable statutes to provide that peremption under LSA-R.S. 9:5604 is avoided when a claimant files a request for review of its claim of professional accounting liability within one year of the negligent act, or one year of

2

discovering the negligent act, but not more than three years after the negligent act. *See* LSA-R.S. 9:5604; LSA-R.S. 37:102; LSA-R.S. 37:125.

Moon Ventures did not and has never filed a request for review of its claim of professional accounting liability. Accordingly, it has never exercised its right to bring a claim under Title 37. Thus, it has failed to avoid peremption under La. R.S. 9:5604. Moon Ventures tries to circumvent this fact by claiming KPMG's action in filing an answer to the suit instead of an exception of prematurity precludes the assertion of an exception of peremption. It claims, and the majority agrees, that KPMG waived its right to the panel by failing to assert the exception of prematurity. I disagree.

Moon Ventures' main claim is that the review panel requirement, and therefore, the exception of peremption, were waived due to the lack of an exception of prematurity. This argument is based mainly on language in *Solow v. Heard,* 05-1028, p.4-5, (La.App. 4 Cir. 4/12/06), 937 So.2d 875, 878, *writs denied*, 06-1680 (La. 10/6/06), 938 So.2d 80, stating that "[t]he jurisprudence has recognized that the parties may waive the panel by failing to assert a dilatory exception of prematurity timely as required by La. C.C. P. art. 926(B), which states '[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein.'" (Second alteration in original). The *Solow* court cites *Saia v. Asher*, 01-1038 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257 for this premise. However, the language in *Saia* this refers to is a mere footnote stating:

> La. R.S. 40:1299.39.1 provides a similar provision for any claims against a state health care provider in that they must be brought before a medical review panel before suit may be commenced in a court. This court and the Louisiana Supreme Court have held the dilatory exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider. *See Spradlin v. Acadia-St. Landry Medical*

3

*Foundation*, 98-1977, p. 4 (La.2/29/00), 758 So.2d 116, 119. La C.C.P. art. 926(B) states, "All objections which may be raised through the dilatory exception are waived unless pleaded therein." The parties have not raised this objection and it is waived.

*Id*. At 1259, fn 3.

I feel that this language dealing with the Medical malpractice Act (MMA) indicates that the exception of prematurity is waived, not the review panel. Additionally, the Fourth Circuit cases of *Wesco v. Columbia Lakeland Medical Center,* 00-2232 (La.App. 4 Cir. 11/14/01), 801 So.2d 1187, *writs denied*, 01-3304 (La. 3/8/02), 811 So.2d 884, and *Farve v. Jarrot,* 04-1424 (La.App. 4 Cir. 10/13/04), 886 So.2d 594, *writs denied*, 05-7 (La. 3/11/05), 896 So.2d 74*,* which are more recent than *Saia*, stand for the premise that, based on *LeBreton v. Rabito*, 97-2221 (La.7/8/98), 714 So.2d 1226, in the context of the MMA, a suit filed before a review panel is requested is premature even if no exception of prematurity is filed, and that the failure to file the exception of prematurity does not prevent the assertion of prescription, or here, peremption.

While KPMG did, in fact, waive its right to assert an exception of prematurity, it did not waive the right to the review panel, which may only be waived "[b]y written agreement of both parties." La.R.S. 37:107. Nor did KPMG waive it's right to assert its exception of peremption, which may be raised by a party or by a court "at any time prior to final judgment." La. C.C. art. 3460. Because Moon Ventures failed to file its complaint with the review panel as required by Title 37 within the three years set out by La.R.S. 9:5604, its claims against KPMG are perempted. Accordingly, I feel the trial court committed no error in its ruling and its decision should be affirmed.

I respectfully dissent.