# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-124


TENSAS POPPADOC, INC.

VERSUS

CHEVRON U.S.A. INC., ET AL.


************

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 40769 "B"
HONORABLE LEO BOOTHE, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

Decuir, J., concurs in part, dissents in part, and assigns written reasons.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

James D. "Buddy" Caldwell - Attorney General
Stephen J. Oats - Special Assistant Attorney General
Lawrence E. Marino - Special Assistant Attorney General
George O. Luce - Special Assistant Attorney General
Oats & Hudson
A Partnership of Professional Corporations
100 East Vermilion Street, Suite 400
Lafayette, Louisiana 70501
(337) 233-1100
COUNSEL FOR NON-PARTY APPELLANT:
    Scott Angelle, then Secretary of the Louisiana
    Department of Natural Resources

**Megan K. Terrell**
**Ryman M. Seidemann**
**Office of the Attorney General, Civil Division**
**1885 North 3rd Street**
**Civil Division, Sixth Street**
**Post Office Box 94005**
**Baton Rouge, Louisiana 70802-9005**
**(225) 326-6030**
**COUNSEL FOR NON-PARTY:**
 **Louisiana Department of Natural Resources and James Welsh**

**Winston Stephen Walker**
**John W. Adams**
**Joe Wilson**
**Louisiana Department of Natural Resources, Office of Conservation**
**Post Office Box 94275**
**Baton Rouge, Louisiana 70804-9275**
**(225) 342-5515**
**COUNSEL FOR NON-PARTY:**
 **Louisiana Department of Conservation**

**Donald T. Carmouche**
**Victor L. Marcello**
**John H. Carmouche**
**William R. Coenen, III**
**John S. DuPont, III**
**Brian T. Carmouche**
**Kenneth Jay DeLouche**
**Talbot, Carmouche & Marcello**
**214 West Cornerview**
**Post Office Box 759**
**Gonzales, Louisiana 70707-0759**
**(225) 644-7777**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Tensas Poppadoc, Inc.**

**Jerold Edward Knoll**
**The Knoll Law Firm, L.L.C.**
**233 South Main Street**
**Post Office Box 426**
**Marksville, Louisiana 71351**
**(318) 253-6200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Tensas Poppadoc, Inc.**

**James Edward Paxton, APLC**
**Post Office Box 97**
**St. Joseph, Louisiana 71366**
**(318) 766-4892**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Tensas Poppadoc, Inc.**

**Wade N. Kelly**
**Robichaux, Mize, Wadsack & Richardson, LLC**
**1777 Ryan Street**
**Post Office Box 2065**
**Lake Charles, Louisiana 70602-2065**
**(337) 433-0234**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   **Tensas Poppadoc, Inc.**

**Brent Stafford Gore**
**111 Serio Boulevard**
**Ferriday, Louisiana 71334-2012**
**(318) 757-4545**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Chevron U.S.A., Inc.**

**G. William Jarman**
**Kean, Miller, Hawthorne, D'Armond, McGowan & Jarman**
**One American Place, 18th Floor**
**Post Office Box 3513**
**Baton Rouge, Louisiana 70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Chevron U.S.A., Inc.**

**Michael R. Phillips**
**Kean, Miller, Hawthorne, D'Armond, McGowan & Jarman**
**LL&E Tower**
**909 Poydras Street, Suite 1450**
**New Orleans, Louisiana 70112**
**(504) 585-3050**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Chevron U.S.A., Inc.**

**Robert E. Meadows**
**Carol M. Wood**
**King & Spalding, LLP**
**1100 Louisiana, Suite 4000**
**Houston, Texas 77002-5213**
**(713) 751-3200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
   **Chevron U.S.A., Inc.**

**Louis M. Grossman**
**Patrick A. Talley, Jr.**
**Frilot, LLC**
**1100 Poydras Street, Suite 3700**
**New Orleans, Louisiana 70163**
**(504) 599-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Chevron U.S.A., Inc.**

**Albert Moore Hand, Jr.**
**Cook, Yancy, King & Galloway**
**333 Texas Street, Suite 1700**
**Post Office Box 22260**
**Shreveport, Louisiana 71120-2260**
**(318) 221- 6277**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Devon Energy Production, Merit Management Partners I, L.P.,**
**Merit Energy Company, Merit Energy Partners, III, L.P., and**
**Merit Energy Partners D-III, L.P.**

**John Allen Jeansonne, Jr.**
**Donovan J. O'Pry, II**
**Jeansonne & Remondet, L.L.C.**
**200 West Congress Street, Suite 1100**
**Post Office Box 91530**
**Lafayette, Louisiana 70509-1530**
**(337) 237-4370**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**McGowan Working Partners, Inc, Spokane Oil & Gas, L.L.C.**
**and Sunset Oil & Gas, LLC**

**John A. Jeansonne, III**
**Jeansonne & Remondet**
**2319 Camp Street**
**New Orleans, Louisiana 70130**
**(504) 524-7333**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**McGowan Working Partners, Inc, Spokane Oil & Gas, L.L.C.**
**and Sunset Oil & Gas, LLC**

**D. Russell Holwadel**
**Adams, Hoefer, Holwadel & Eldridge, LLC**
**400 Poydras Street, Suite 2450**
**New Orleans, Louisiana 70130**
**(504) 581-2606**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Denbury Onshore, LLC, LSJ Exploration, L.L.C.,**
**Oil & Ale LSJ, LLC, Smith Operating and Management Company,**
**and Diamond South Operating, LLC**

**Guy Earl Wall**
**Wall, Bullington & Cook, LLC**
**540 Elmwood Park Boulevard**
**New Orleans, Louisiana 70123**
**(504) 736-0347**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**LSJ Exploration, L.L.C.**

**James Marshall Jones, Jr.**
**Jones, Odom, Davis & Politz, L.L.P.**
**2124 Fairfield Avenue**
**Shreveport, Louisiana 71104**
**(318) 221-1600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Diamond South Operating, LLC and**
**Oil & Ale LSJ, LLC**

**GENOVESE, Judge.**

In this environmental remediation case, Scott Angelle, then Secretary of the Louisiana Department of Natural Resources (LDNR), a non-party to the instant litigation, appeals a judgment of the trial court ordering the issuance of a subpoena for his testimony at trial and permitting the taking of his deposition in this litigation. For the following reasons, we affirm in part, reverse in part, and remand.

## FACTS

Plaintiff, Tensas Poppadoc, Inc. (Poppadoc), filed suit for environmental damage to its property for which Defendant, Chrevron U.S.A., Inc, was found to be liable as a responsible party. Subsequently, in accordance with La.R.S. 30:29,[1] the LDNR approved a plan for remediation, which Poppadoc contended was not the most feasible plan. As required by the statute, the trial court set the matter for hearing on February 22, 2010. On August 18, 2009, Poppadoc filed a motion pursuant to La.R.S. 13:3667.3, which sets forth the procedure for compelling the testimony of certain persons as witnesses in a lawsuit, seeking an order of the trial court for the issuance

---

[1]Louisiana Revised Statutes 30:29 (codified by 2006 La. Acts No. 312, §1) sets forth procedures for the remediation of oilfield sites and exploration and production sites. As explained by our supreme court:

> Act 312 is comprised of six basic components. First, the act requires timely notice of such litigation to the State. La.Rev.Stat. § 30:29(B)(1). Second, the act stays the litigation until thirty days after notice is given. *Id.* Third, the act permits the State to intervene in the litigation. La.Rev.Stat. § 30:29(B)(2). Fourth, the act provides a role for the Office of Conservation with the Louisiana Department of Natural Resources ("LDNR") in the determination of the most feasible plan for evaluation and/or remediation of environmental damage. La.Rev.Stat. § 30:29(C). Fifth, the act provides for the payment of all damages for the evaluation or remediation of environmental damages and further provides that the Court shall oversee actual implementation of the plan adjudicated to be "most feasible." La.Rev.Stat. §§ 30:29(D) and (F). Sixth, the act allows the landowner and the State to recover attorney and expert fees, as well as costs from the responsible party or parties. La.Rev.Stat. § 30:29(E).

*M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 29 (La. 7/1/08), 998 So.2d 16, 36.

of a trial subpoena to Mr. Angelle[2] and permitting Poppadoc to take Mr. Angelle's deposition prior to the hearing to be held pursuant to La.R.S. 30:29(C)(5).

Louisiana Revised Statutes 30:29(A) states that "this Section provides the procedure for judicial resolution of claims for environmental damage to property arising from activities subject to the jurisdiction of the Department of Natural Resources, office of conservation." According to that statute, "the court shall order the party or parties who admit responsibility or whom the court finds legally responsible for the damage to develop a plan or submittal for the evaluation or remediation to applicable standards of the contamination that resulted in the environmental damage." La.R.S. 30:29(C)(1). The plan is then "developed and submitted to the [LDNR] and the court." *Id.* The LDNR is then required to "conduct a public hearing on the plan or plans submitted." La.R.S. 30:29(C)(2). "Within sixty days of the conclusion of the hearing," LDNR is required to "approve or structure a plan based on the evidence submitted which the department determines to be the most feasible plan to evaluate or remediate the environmental damage and protect the health, safety, and welfare of the people." *Id.* Written reasons for the plan ultimately "approve[d] or structure[d]" must then be issued by the LDNR. *Id.* The plan is then adopted by the court "unless a party proves by a **preponderance** of the evidence that another plan is a more feasible plan to adequately protect the environment and the public health, safety, and welfare." La.R.S. 30:29(C)(5)(emphasis added).[3]

In the instant matter, when presented with Poppadoc's motion relative to Mr.

---

[2]Poppodac's motion also sought an order permitting the issuance of subpoenas to James Welsh, the Commissioner of Conservation. However, the ruling of the trial court relative to the testimony of Mr. Welsh was not appealed and is not an issue before this court.

[3]Throughout this opinion, we will refer to the hearing required by this provision as the "preponderance hearing."

2

Angelle's testimony at and prior to the "preponderance hearing," the trial court signed an order on September 2, 2009, stating that: "[T]he motion of [Poppadoc] appears to be well founded and that the denial of the motion may prejudice the case of [Poppadoc], and that there is sufficient cause to schedule a hearing under La.R.S. 13:3667.3." The hearing required by the statute was held by the trial court on November 19, 2009. The trial court granted Poppadoc's motion. Mr. Angelle appeals.

## ISSUE

In his brief to this court, Mr. Angelle delineates nine particular issues for review. However, collectively, the ultimate issue to be decided by this court is whether Mr. Angelle may be compelled to provide testimony at the "preponderance hearing" and whether he must submit to a deposition prior thereto.

## LAW AND DISCUSSION

**Standard of Review**

The issue before this court involves the application of La.R.S. 13:3667.3. It is, therefore, a question of law. "Questions of law are reviewed under the *de novo* standard of review. Therefore, we must determine whether the ruling of the trial court was legally correct." *Moon Ventures, L.L.C. v. KPMG, L.L.P.*, 06-1520, p. 3 (La.App. 3 Cir. 8/15/07), 964 So.2d 446, 449, *writ denied*, 07-1862 (La. 11/21/07), 967 So.2d 1156 (citations omitted).

**Applicable Law**

Louisiana Revised Statutes 13:3667.3 sets forth the procedure to be used to compel the appearance of certain individuals for the procurement of their testimony. Undisputedly, Mr. Angelle, then Secretary of the LDNR, is included within the ambit

3

of the protection afforded by this statute, the relevant portions of which are as follows:

> A. (1) A party litigant in a civil case or in a criminal misdemeanor case seeking to compel the attendance of a statewide elected official, or the head of any department of the state of Louisiana appointed to the position by the governor, as a witness in a suit that arises out of, or in connection with, the person's exercise of his duties as an official of the state, shall file a written motion with the proper court requesting a hearing on the matter. The motion shall set forth the facts sought to be proved by the person's testimony, the **relevance** of those facts to the case, and the basis for the mover's belief that such person has knowledge of those facts.[4] This Subsection shall not apply to any person who is subpoenaed as a prospective factual witness to an incident resulting in criminal prosecution.
>
> (2) If the judge determines that the motion is well-founded and that denial of the motion may prejudice the case of the mover, the judge shall order a hearing and shall notify the mover and the witness of the hearing time and date by certified mail, return receipt requested, and the hearing shall be conducted in open court. At that time, the witness may present evidence or argument in opposition. After the hearing, if the court determines that the mover has established that the witness is **necessary** to the case, it shall issue a subpoena as sought.[5] The court's ruling shall be an appealable order.

*Id.* (emphasis added).

In accordance with the mandates of La.R.S. 13:3667.3(A)(1), Poppadoc set forth in its motion "the facts sought to be proved" by Mr. Angelle's testimony. Poppadoc asserted that the thirteen facts set forth in its motion were relevant to the case since they constituted proof that the feasibility plan failed to comply with the relevant statutory provisions and, further, that it was not the most feasible plan. Additionally, Poppadoc asserted that Mr. Angelle had knowledge of the facts set forth in the motion.

---

[4]Throughout this opinion, we will refer to the hearing required by this provision as the "relevancy hearing."

[5]Throughout this opinion, we will refer to the hearing required by this provision as the "necessity hearing."

On appeal, there is a dispute as to whether the express terms of La.R.S. 13:3667.3 require the trial court to hold two hearings. Mr. Angelle contends that the trial court erroneously held a "necessity hearing" under La.R.S. 13:3667.3(A)(2), without first conducting a "relevancy hearing" under La.R.S. 13:3667.3. We disagree.

Louisiana Revised Statutes 13:3667.3(A)(1) specifically states what must be set forth in the motion of "[a] party litigant" who seeks to compel the attendance of those individuals contemplated by the statute. There is no provision that the relevancy of these assertions be the subject of a hearing before the trial court. Rather, when presented with a motion, the trial judge must determine (1) "that the motion is *well-founded*[,]" and (2) "that the denial of the motion may *prejudice* the case of the mover[.]" La.R.S. 13:3667.3(A)(2) (emphasis added). If these two elements are met, the trial court "shall order a hearing." *Id.*

In the instant case, the trial court expressly stated that the allegations of Poppadoc's motion were "well founded and that the denial of the motion may prejudice the case of [Poppodac.]" Considering the allegations required by La.R.S. 13:3667.3(A)(1) as set forth by Poppadoc in its motion, and mindful of the purpose for which the testimony is sought, i.e., the "preponderance hearing" pursuant to La.R.S. 30:29(C)(5), we find that the ruling of the trial court setting the matter for hearing was the legally correct application of the statute.

Louisiana Revised Statutes 13:3667.3(A)(2) (emphasis added) provides that "[a]fter the hearing, if the court determines that the mover has established that the witness is *necessary* to the case, it shall issue a subpoena as sought." We, therefore, must next consider whether the trial court was legally correct in its application of

5

La.R.S. 13:3667.3(A)(2) relative to the "necessity hearing" held by the trial court on November 19, 2009.

With respect to the "necessity hearing," Mr. Angelle argues that the trial court failed to give him proper notice of the hearing. However, it is evident from the record that Mr. Angelle was represented by counsel who had actual notice of the hearing. Not only did counsel appear and argue on behalf of Mr. Angelle at the scheduled hearing, the issue of notice, or lack thereof, was not raised. We, therefore, find no merit to this contention.

Mr. Angelle also argues that the trial court erroneously excluded his affidavit from evidence at the "necessity hearing." He argues that the affidavit was "the one piece of evidence that went right to the heart of the necessity inquiry" because he "categorically den[ied] any knowledge of or involvement with the Act 312 plan at issue." When the trial court sustained Poppadoc's objection to the affidavit, it was proffered.

The transcript of the "necessity hearing" reveals that when Mr. Angelle's affidavit was offered into evidence, the attorney for Poppadoc objected on the grounds that it was improper hearsay evidence. Additionally, Poppadoc argued to the trial court, and again on appeal, that introduction of Mr. Angelle's affidavit effectively would have denied Poppadoc an opportunity to cross-examine him on the affidavit's contents. Moreover, "[t]he reason [Poppadoc] subpoenaed Secretary Angelle in the first place was because it wanted the opportunity to cross[-]examine [him] on these very issues."

While we agree with Mr. Angelle that La.R.S. 13:3667(A)(2) affords him the opportunity to "present evidence or argument in opposition" to the motion at the

6

"necessity hearing," we find that the affidavit was properly excluded from evidence on hearsay grounds.[6] There is merit in Poppadoc's argument that "[u]nder Secretary Angelle's theory, all a department head need do to avoid a deposition is submit an affidavit denying all knowledge of any facts, with no fear of ever having to be cross[-]examined under oath on the [contents of the] affidavit." Poppadoc concludes, and we agree, that this result "cannot have been the intent of the legislature when it drafted [La.R.S.] 13:3667.3." For these reasons, we conclude that the trial court did not abuse its discretion in excluding Mr. Angelle's affidavit.[7]

Before issuing the requested subpoenas, it was incumbent upon the trial court to consider the "necessity" of Mr. Angelle's testimony. However, given the exclusion of Mr. Angelle's affidavit, the "necessity hearing" was concluded without the trial court having evidence before it upon which to make a determination as to whether Mr. Angelle's testimony is "necessary" at the upcoming "preponderance hearing" under La.R.S. 30:29(C)(5). Accordingly, we reverse that portion of the judgment of the trial court granting Poppadoc's motion for the issuance of a trial subpoena and permitting Poppadoc to take Mr. Angelle's deposition. Considering the lack of evidence to support the motion, we are compelled to remand this matter to the trial court so that it may conduct a hearing in open court in accordance with La.R.S. 13:3667.3(A)(2). At said hearing, Mr. Angelle "may present [competent] evidence or argument in opposition" to Poppadoc's motion. Thereafter, "if the [trial] court

_____

[6]Louisiana Code of Evidence Article 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." There was no exception to the hearsay rule offered or argued at the hearing.

[7]"The trial court is given vast discretion in its evidentiary rulings, and its decision to admit or exclude evidence will not be reversed on appeal in the absence of an abuse of discretion." *Succession of Jones,* 08-1088, p. 4 (La.App. 3 Cir. 3/4/09), 6 So.3d 331, 335 (citing *Bellsouth Telecomm., Inc. v. City of Lafayette*, 05-1478, 05-1505 (La.App. 3 Cir. 1/5/06), 919 So.2d 844).

7

determines that [Poppadoc] has established that [Mr. Angelle's testimony] is necessary to the case, it shall issue the subpoenas sought. The [trial] court's ruling shall be an appealable order." *Id.*

## DECREE

For the foregoing reasons, the judgment of the trial court in favor of Tensas Poppadoc, Inc. is affirmed in part and reversed in part. Further, the matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed equally between Tensas Poppadoc, Inc., and Scott Angelle, then Secretary of the Louisiana Department of Natural Resources.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**10-124**

**COURT OF APPEAL, THIRD CIRCUIT**

**STATE OF LOUISIANA**

**TENSAS POPPADOC, INC.**

**VERSUS**

**CHEVRON U.S.A. INC., ET AL.**

**DECUIR, J., concurs in part, dissents in part, and assigns written reasons.**

The majority opinion is critically flawed by its omission of two critical pieces of information. In omitting this information, the majority opinion undermines both La.R.S 30:29 and La.R.S. 13:3667.3.

In the first instance, the majority lays out the process for resolving environmental damage claims under La.R.S. 30:29. However, the majority fails to mention that the statute includes a provision making LDNR's feasibility plan unappealable on the grounds that a party is aggrieved by its content or the process of its submission until the plan is actually adopted by the trial court. La.R.S. 30:29C(4).

In the second instance, the majority fails to provide the facts alleged by Poppadoc in support of its motion to compel Secretary Angelle's testimony under La.R.S. 13:3667.3. These are the facts alleged by Poppadoc:

1.  Secretary Angelle consulted with Commissioner Welsh, Gary Snellgrove, and possibly others concerning Act 312 cases.

2.  Secretary Angelle consulted with Commissioner Welsh, Gary Snellgrove, and possibly others concerning the Poppadoc case.

3.  Secretary Angelle consulted with members of the oil and gas industry concerning Act 312 cases.

4.      Secretary Angelle consulted with members of the oil and gas industry concerning the Tensas Poppadoc case.

5.      Secretary Angelle had influence and input regarding the adoption of the feasible plan in this case, even though he was not a member of the agency panel that determined the feasible plan.

6.      Secretary Angelle was involved in the development of Act 312 before the 2006 legislative session, and his testimony was entered into evidence at the agency hearing in this case.

7.      Secretary Angelle has knowledge of the legislative intent behind Act 312.

8.      Secretary Angelle testified before the legislature that economic feasibility was not a consideration in the adoption of the feasible plan, which testimony directly conflicts with testimony of Gary Snellgrove, a member of the agency panel that decided the feasible plan.

9.      Secretary Angelle consulted with LDNR employees concerning the development of the feasible plan.

10.     Secretary Angelle encouraged and approved the adoption of the feasible plan, even though the plan is inconsistent with applicable regulations.

11.     The plan should not have been adopted if it did not comply with applicable regulations.

12.     The exemptions and variances granted in the plan were not explained or justified.

13.     The agency panel that decided the plan was instructed to issue a remediation plan regardless of whether it believed it had sufficient horizontal and vertical delineation of the plumes of contamination.

This information provides a critical framework for evaluating where we are in this proceeding. As the majority notes, LDNR has adopted a plan. This plan and the agency's actions in adopting it are not subject to appeal until adopted by the trial court. La.R.S. 30:29C(4). The plan has been presented to the trial court and will be

2

adopted unless Poppadoc shows, by a preponderance of the evidence, that another plan is more feasible.

To meet this burden of proof, Poppadoc filed a motion to compel Secretary Angelle's testimony as provided in La.R.S. 13:3667.3. The threshold question for the trial court under the statute was whether the motion was well founded <u>and</u> that denial of the motion might prejudice Poppadoc's case. In order for the motion to be well-founded, the thirteen facts alleged by Poppadoc must be relevant to Poppadoc's burden of proving that another plan is more feasible than the one submitted by LDNR. In addition, Poppadoc had to show that Secretary Angelle had knowledge of those facts.

The majority concludes that the trial court was legally correct in determining that Poppadoc's motion was well founded and that the denial of the motion might prejudice Poppadoc's case. I respectfully disagree.

Louisiana Code of Evidence Article 401 defines "relevant evidence" as follows:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

I fail to see how any of the facts alleged in Poppadoc's motion are relevant to its burden of proof. Rather than supporting Poppadoc's burden of showing that another plan is more feasible than the plan submitted by LDNR, the facts alleged attack the process by which LDNR arrived at the plan and Secretary Angelle's conduct in both that process and the legislative process which established Act 312. Raising these issues at this stage of the litigation is premature and specifically prohibited by La.R.S. 30:29C(4). Moreover, the facts alleged by Poppadoc do not even address the feasibility of an alternate plan.

3

Accordingly, I would find that the trial court erred as a matter of law in concluding that Poppadoc's motion was well founded and, therefore, reverse the judgment of the trial court and render judgment denying Poppadoc's motion to compel Secretary Angelle's testimony.

However, the majority, having found the motion well founded, moves on to the necessity hearing and addresses three issues.

First, the majority finds that the failure of the trial court to send notice of the hearing by certified mail, return receipt, was not error because Secretary Angelle had actual notice of the hearing. I do not agree. The statute provides, "the judge shall order a hearing and shall notify the mover and the witness of the hearing time and date by certified mail, return receipt requested." La.R.S. 13:3667.3A(2). The language of the statute is mandatory with regard to method of service and provides no exception for actual notice. See *Ray v. South Central Bell Tel. Co.*, 315 So.2d 759 (La.1975). I find the trial court erred in failing to send notice as required by statute.

Second, the majority finds that the trial court properly excluded Secretary Angelle's affidavit as hearsay. I concur. There is no statutory exception for the admission of an affidavit in this instance. In my opinion, there should be such an exception.

Finally, the majority finds that after excluding Secretary Angelle's affidavit, the trial court simply granted Poppadoc's motion without taking any more evidence. The majority finds this was error and reverses and remands for more evidence. I disagree. I find that the trial court erred as a matter of law by applying the wrong standard in granting Poppadoc's motion at the necessity hearing. The court determined that the facts alleged by Poppadoc were necessary for Poppadoc to meet

4

its burden of proof. The appropriate determination was whether Secretary Angelle's testimony was necessary to establish those facts. The burden at the hearing remained with Poppadoc. Under the statute, Secretary Angelle's first opportunity to oppose the motion was at the necessity hearing, and there he was permitted, but not required, to present evidence or argument. La.R.S. 13:3667.3A(2). The majority finds that there was no evidence presented that Secretary Angelle's testimony was necessary and, therefore, remands the case for more evidence. The majority should have concluded that Poppadoc did not carry its burden and, therefore, the trial court erred in granting Poppadoc's motion.

For the foregoing reasons, I concur in the majority opinion insofar as it reverses the judgment of the trial court and finds the Secretary's affidavit properly excluded. In all other respects, I respectfully dissent.