GENOVESE, Judge.
hln this environmental remediation case, Scott Angelle, then Secretary of the Louisiana Department of Natural Resources (LDNR), a non-party to the instant litigation, appeals a judgment of the trial court ordering the issuance of a subpoena for his testimony at trial and permitting the taking of his deposition in this litigation. For the following reasons, we affirm in part, reverse in part, and remand.

FACTS

Plaintiff, Tensas Poppadoc, Inc. (Poppa-doc), filed suit for environmental damage to its property for which Defendant, Chevron U.S.A., Inc, was found to be liable as a responsible party. Subsequently, in accordance with La.R.S. 30:29[1] the LDNR approved a plan for remediation, which Pop-padoc contended was not the most feasible plan. As required by the statute, the trial court set the matter for hearing on February 22, 2010. On August 18, 2009, Poppa-doc filed a motion pursuant to La.R.S. 13:3667.3, which sets forth the procedure for compelling the testimony of certain persons as witnesses in a lawsuit, seeking an order of the trial court for the issuance 12of a trial subpoena to Mr. Angelle[2] and permitting Poppadoc to take Mr. Angelle’s deposition prior to the hearing to be held pursuant to La.R.S. 30:29(C)(5).
*1023 Louisiana Revised Statutes 30:29(A) states that “this Section provides the procedure for judicial resolution of claims for environmental damage to property arising from activities subject to the jurisdiction of the Department of Natural Resources, office of conservation.” According to that statute, “the court shall order the party or parties who admit responsibility or whom the court finds legally responsible for the damage to develop a plan or submittal for the evaluation or remediation to applicable standards of the contamination that resulted in the environmental damage.” La.R.S. 30:29(C)(1). The plan is then “developed and submitted to the [LDNR] and the court.” Id. The LDNR is then required to “conduct a public hearing on the plan or plans submitted.” La.R.S. 30:29(C)(2). “Within sixty days of the conclusion of the hearing,” LDNR is required to “approve or structure a plan based on the evidence submitted which the department determines to be the most feasible plan to evaluate or remediate the environmental damage and protect the health, safety, and welfare of the people.” Id. Written reasons for the plan ultimately “approvefd] or structure^]” must then be issued by the LDNR. Id. The plan is then adopted by the court “unless a party proves by a preponderance of the evidence that another plan is a more feasible plan to adequately protect the environment and the public health, safety, and welfare.” La.R.S. 30:29(C)(5)(emphasis added).[3]
In the instant matter, when presented with Poppadoc’s motion relative to Mr. IsAngelle’s testimony at and prior to the “preponderance hearing,” the trial court signed an order on September 2, 2009, stating that: “[T]he motion of [Poppadoc] appears to be well founded and that the denial of the motion may prejudice the case of [Poppadoc], and that there is sufficient cause to schedule a hearing under La.R.S. 13:3667.3.” The hearing required by the statute was held by the trial court on November 19, 2009. The trial court granted Poppadoc’s motion. Mr. Angelle appeals.

ISSUE

In his brief to this court, Mr. Angelle delineates nine particular issues for review. However, collectively, the ultimate issue to be decided by this court is whether Mr. Angelle may be compelled to provide testimony at the “preponderance hearing” and whether he must submit to a deposition prior thereto.

LAW AND DISCUSSION

Standard of Review
The issue before this court involves the application of La.R.S. 13:3667.3. It is, therefore, a question of law. “Questions of law are reviewed under the de novo standard of review. Therefore, we must determine whether the ruling of the trial court was legally correct.” Moon Ventures, L.L.C. v. KPMG, L.L.P., 06-1520, p. 3 (La.App. 3 Cir. 8/15/07), 964 So.2d 446, 449, writ denied, 07-1862 (La.11/21/07), 967 So.2d 1156 (citations omitted).
Applicable Law
Louisiana Revised Statutes 13:3667.3 sets forth the procedure to be used to compel the appearance of certain individuals for the procurement of their testimony. Undisputedly, Mr. Angelle, then Secretary of the LDNR, is included within the ambit |4of the protection afforded by this statute, *1024 the relevant portions of which are as follows:
A. (1) A party litigant in a civil case or in a criminal misdemeanor case seeking to compel the attendance of a statewide elected official, or the head of any department of the state of Louisiana appointed to the position by the governor, as a witness in a suit that arises out of, or in connection with, the person’s exercise of his duties as an official of the state, shall file a written motion with the proper court requesting a hearing on the matter. The motion shall set forth the facts sought to be proved by the person’s testimony, the relevance of those facts to the case, and the basis for the mover’s belief that such person has knowledge of those facts.[4] This Subsection shall not apply to any person who is subpoenaed as a prospective factual witness to an incident resulting in criminal prosecution.
(2) If the judge determines that the motion is well-founded and that denial of the motion may prejudice the case of the mover, the judge shall order a hearing and shall notify the mover and the witness of the hearing time and date by certified mail, return receipt requested, and the hearing shall be conducted in open court. At that time, the witness may present evidence or argument in opposition. After the hearing, if the court determines that the mover has established that the witness is necessary to the case, it shall issue a subpoena as sought.[5] The court’s ruling shall be an appealable order.
Id. (emphasis added).
In accordance with the mandates of La. R.S. 13:3667.3(A)(1), Poppadoc set forth in its motion “the facts sought to be proved” by Mr. Angelle’s testimony. Poppadoc asserted that the thirteen facts set forth in its motion were relevant to the case since they constituted proof that the feasibility plan failed to comply with the relevant statutory provisions and, further, that it was not the most feasible plan. Additionally, Poppadoc asserted that Mr. Angelle had knowledge of the facts set forth in the motion.
|sOn appeal, there is a dispute as to whether the express terms of La.R.S. 13:3667.3 require the trial court to hold two hearings. Mr. Angelle contends that the trial court erroneously held a “necessity hearing” under La.R.S. 13:3667.3(A)(2), without first conducting a “relevancy hearing” under La.R.S. 13:3667.3. We disagree.
Louisiana Revised Statutes 13:3667.3(A)(1) specifically states what must be set forth in the motion of “[a] party litigant” who seeks to compel the attendance of those individuals contemplated by the statute. There is no provision that the relevancy of these assertions be the subject of a hearing before the trial court. Rather, when presented with a motion, the trial judge must determine (1) “that the motion is well-founded!7” and (2) “that the denial of the motion may 'prejudice the case of the mover[.]” La. R.S. 13:3667.3(A)(2) (emphasis added). If these two elements are met, the trial court “shall order a hearing.” Id.
In the instant case, the trial court expressly stated that the allegations of Pop-padoc’s motion were “well founded and that the denial of the motion may prejudice the case of [Poppodac.]” Considering the allegations required by La.R.S. *1025 13:3667.3(A)(1) as set forth by Poppadoc in its motion, and mindful of the purpose for which the testimony is sought, i.e., the “preponderance hearing” pursuant to La. R.S. 30:29(0(5), we find that the ruling of the trial court setting the matter for hearing was the legally correct application of the statute.
Louisiana Revised Statutes 13:3667.3(A)(2) (emphasis added) provides that “[a]fter the hearing, if the court determines that the mover has established that the witness is necessary to the case, it shall issue a subpoena as sought.” We, therefore, must next consider whether the trial court was legally correct in its application of ^La.R.S. 13:3667.3(A)(2) relative to the “necessity hearing” held by the trial court on November 19, 2009.
With respect to the “necessity hearing,” Mr. Angelle argues that the trial court failed to give him proper notice of the hearing. However, it is evident from the record that Mr. Angelle was represented by counsel who had actual notice of the hearing. Not only did counsel appear and argue on behalf of Mr. Angelle at the scheduled hearing, the issue of notice, or lack thereof, was not raised. We, therefore, find no merit to this contention.
Mr. Angelle also argues that the trial court erroneously excluded his affidavit from evidence at the “necessity hearing.” He argues that the affidavit was “the one piece of evidence that went right to the heart of the necessity inquiry” because he “categorically den[ied] any knowledge of or involvement with the Act 312 plan at issue.” When the trial court sustained Poppadoc’s objection to the affidavit, it was proffered.
The transcript of the “necessity hearing” reveals that when Mr. Angelle’s affidavit was offered into evidence, the attorney for Poppadoc objected on the grounds that it was improper hearsay evidence. Additionally, Poppadoc argued to the trial court, and again on appeal, that introduction of Mr. Angelle’s affidavit effectively would have denied Poppadoc an opportunity to cross-examine him on the affidavit’s contents. Moreover, “[t]he reason [Poppadoc] subpoenaed Secretary Angelle in the first place was because it wanted the opportunity to eross[-]examine [him] on these very issues.”
While we agree with Mr. Angelle that La.R.S. 13:3667(A)(2) affords him the opportunity to “present evidence or argument in opposition” to the motion at the 17“necessity hearing,” we find that the affidavit was properly excluded from evidence on hearsay grounds.[6] There is merit in Poppadoc’s argument that “[u]nder Secretary Angelle’s theory, all a department head need do to avoid a deposition is submit an affidavit denying all knowledge of any facts, with no fear of ever having to be cross[-]examined under oath on the [contents of the] affidavit.” Poppadoc concludes, and we agree, that this result “cannot have been the intent of the legislature when it drafted [La.R.S.] 13:3667.3.” For these reasons, we conclude that the trial court did not abuse its discretion in excluding Mr. Angelle’s affidavit.[7]
*1026 Before issuing the requested subpoenas, it was incumbent upon the trial court to consider the “necessity5’ of Mr. Angelle’s testimony. However, given the exclusion of Mr. Angelle’s affidavit, the “necessity hearing” was concluded without the trial court having evidence before it upon which to make a determination as to whether Mr. Angelle’s testimony is “necessary” at the upcoming “preponderance hearing” under La.R.S. 30:29(0(5). Accordingly, we reverse that portion of the judgment of the trial court granting Pop-padoc’s motion for the issuance of a trial subpoena and permitting Poppadoc to take Mr. Angelle’s deposition. Considering the lack of evidence to support the motion, we are compelled to remand this matter to the trial court so that it may conduct a hearing in open court in accordance with La.R.S. 13:3667.3(A)(2). At said hearing, Mr. An-gelle “may present [competent] evidence or argument in opposition” to Poppadoc’s motion. Thereafter, “if the [trial] court [ ^determines that [Poppadoc] has established that [Mr. Angelle’s testimony] is necessary to the case, it shall issue the subpoenas sought. The [trial] court’s ruling shall be an appealable order.” Id.

DECREE

For the foregoing reasons, the judgment of the trial court in favor of Tensas Poppa-doc, Inc. is affirmed in part and reversed in part. Further, the matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed equally between Ten-sas Poppadoc, Inc., and Scott Angelle, then Secretary of the Louisiana Department of Natural Resources.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Louisiana Revised Statutes 30:29 (codified by 2006 La. Acts No. 312, § 1) sets forth procedures for the remediation of oilfield sites and exploration and production sites. As explained by our supreme court:
Act 312 is comprised of six basic components. First, the act requires timely notice of such litigation to the State. La.Rev.Stat. § 30:29(B)(1). Second, the act stays the litigation until thirty days after notice is given. Id. Third, the act permits the State to intervene in the litigation. La.Rev.Stat. § 30:29(B)(2). Fourth, the act provides a role for the Office of Conservation with the Louisiana Department of Natural Resources ("LDNR”) in the determination of the most feasible plan for evaluation and/or remediation of environmental damage. La.Rev. Stat. § 30:29(C). Fifth, the act provides for the payment of all damages for the evaluation or remediation of environmental damages and further provides that the Court shall oversee actual implementation of the plan adjudicated to be "most feasible.” La. Rev.Stat. §§ 30:29(D) and (F). Sixth, the act allows the landowner and the State to recover attorney and expert fees, as well as costs from the responsible party or parties. La.Rev.Stat. § 30:29(E).
M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371, p. 29 (La.7/1/08), 998 So.2d 16, 36.

. Poppodac’s motion also sought an order permitting the issuance of subpoenas to James Welsh, the Commissioner of Conservation. However, the ruling of the trial court relative to the testimony of Mr. Welsh was not appealed and is not an issue before this court.

. Throughout this opinion, we will refer to the hearing required by this provision as the "preponderance hearing."

4. Throughout this opinion, we will refer to the hearing required by this provision as the "relevancy hearing."

5. Throughout this opinion, we will refer to the hearing required by this provision as the "necessity hearing.”

. Louisiana Code of Evidence Article 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” There was no exception to the hearsay rule offered or argued at the hearing.

. "The trial court is given vast discretion in its evidentiary rulings, and its decision to admit or exclude evidence will not be reversed on appeal in the absence of an abuse of discretion.” Succession of Jones, 08-1088, p. 4 (La.App. 3 Cir. 3/4/09), 6 So.3d 331, 335 (citing Bellsouth Telecomm., Inc. v. City of *1026 Lafayette, 05-1478, 05-1505 (La.App. 3 Cir. 1/5/06), 919 So.2d 844).