MARC E. JOHNSON, Judge.
| gin this accounting malpractice action, plaintiff, Bernard, Cassisa, Elliot & Davis, A Professional Law Corporation (“Bernard, Cassisa”), appeals the sustaining of an exception of prescription dismissing its claims with prejudice. For the reasons that follow, we affirm.

FACTS & PROCEDURAL HISTORY

On March 14, 2011, Bernard, Cassisa filed a Petition for Damages in the 24th Judicial District Court against defendants, The Estate of Robert Laporte, CPA (“La-porte”), and Galliand & Hoblack, CPAs, L.L.C., for accounting malpractice. Bernard, Cassisa alleged Laporte was retained by the law firm to perform services relating to the firm’s financial affairs, including the prevention of fraud, theft or embezzlement. In May 2010, Bernard, Cassisa learned that its bookkeeper had been stealing from the firm since 2003, and had misappropriated over $50,000. Bernard, Cassisa asserted that but for defendants’ negligence, it would not have sustained the financial loss.
| ^Defendants responded on April 28, 2011, by filing an exception of prematurity asserting that plaintiffs claims must first be presented to a public accountant review panel before the claims could proceed in court. The parties subsequently entered into a consent order on July 1, 2011, wherein Bernard, Cassisa agreed that defendants’ exception of prematurity was correct, and the lawsuit was dismissed without prejudice.
In the interim, on May 31, 2011, Bernard, Cassisa filed a complaint with the Society of Louisiana Certified Public Accountants (“the Society”) requesting a review of its claims against Laporte and Galliand & Hoblack by a public accountant review panel. The Society acknowledged the request on June 3, 2011, and the review panel process was instituted. Approximately two months later, defendants filed a Petition to Institute Discovery in the 24th Judicial District Court under the *399 authority of La. R.S. 37:116, and, subsequently, took the deposition of Paul Cassi-sa, Sr. on December 19, 2011.
On April 11, 2012, defendants filed an exception of prescription to plaintiffs accounting malpractice claim on the basis Bernard, Cassisa had knowledge of the alleged malpractice on May 3, 2010, but failed to file a request for review by a public accountant review panel within one year of discovering the alleged malpractice. After a hearing, the trial court sustained the exception of prescription and dismissed plaintiffs claims with prejudice. Plaintiff timely appealed.

LAW & DISCUSSION

Louisiana Revised Statute 9:5604(A) contains the time limitations applicable to actions concerning professional accounting liability and provides:
No action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be | ^brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
The one-year and three-year periods of limitation are peremptive and may not be renounced, interrupted, or suspended. La. R.S. 9:5604(B).
Five years after the legislature amended La. R.S. 9:5604 to specify that the statute’s time limitations are peremptive, the legislature enacted statutes in Title 37 relating to claims against certified public accountants or firms. Relevant to this appeal, the legislature imposed a requirement that claims of accounting malpractice must first be presented to a review panel before they can be commenced in any court. Specifically, La. R.S. 37:102 provides that all claims against certified public accountants or firms shall be reviewed by a public accountant review panel. It further provides that a review by the panel “shall not take place unless, within the time limitations provided for in R.S. 9:5604, a claimant files with the society a written request for review of the claim.” La. R.S. 37:102(B).
Additionally, La. R.S. 37:105(A) states that “no action against a certified public accountant or firm ... may be commenced in any court before the claimant’s request for review has been presented to a public accountant review panel established pursuant to this Part and the panel has issued a written opinion.” Further, La. R.S. 37:105(B) states that the claimant’s request for review “shall be deemed that claimant’s exercise of his right to seek judicial cognizance of the claims described in the written request for review for purposes of R.S. 9:5604.” Upon the claimant’s receipt of the final report of the review panel or upon termination of the review process, the claimant has “a minimum of ninety days | .^prescription remaining” to file an action in court “regardless of any statute to the contrary.” La. R.S. 37:105(B).
Bernard, Cassisa argues that its claims are not prescribed because its Petition for Damages, filed on March 14, 2011, was timely filed within one year of its discovery of defendants’ failure to detect the theft *400 and embezzlement. Defendants, however, contend that the filing of a premature lawsuit does not interrupt prescription or per-emption. Bernard, Cassisa maintains that La. R.S. 9:5604, which provides for a per-emptive period, and La. R.S. 37:105, which provides a minimum of 90 days prescription remaining after the review panel renders its decision or termination of the review process, are internally inconsistent.
By the plain language of the statute, the one-year and three-year time periods of La. R.S. 9:5604 are peremptive as opposed to prescriptive. The difference between prescription and peremption is that prescription prevents the enforcement of a right by legal action but does not terminate the natural obligation, whereas peremption extinguishes or destroys the cause of action itself. La. C.C. arts. 3447, 3458; Naghi v. Brener, 08-2527 (La.6/26/09); 17 So.3d 919, 923. Because the rights to which peremptive periods attach are extinguished after the passage of a specified period of time, nothing may interfere with the running of a peremptive period. Id. As such, peremptive periods may not be interrupted, suspended or renounced. La. C.C. art. 3461.
In Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., 04-1227 (La.App. 1 Cir. 6/10/05); 916 So.2d 252, 255, the First Circuit recognized the seeming confusion between La. R.S. 9:5604 and the provisions in Title 37 relating to accountants. The court noted that while La. R.S. 9:5604 clearly provides that the time periods set forth therein are peremptive, the various provisions in Title 37 refer to a prescriptive time period. The court ^observed that the review panel requirement for accounting malpractice claims was similar to the procedure applicable to medical malpractice claims, which are subject to prescriptive time periods. The court then noted that the legislature applied the review panel procedure for accountants to actions subject to peremptive time periods. Despite the confusion, the First Circuit applied the laws on statutory construction[1] and concluded that peremption under La. R.S. 9:5604 is avoided when a claimant files a request for review of its accounting malpractice claim within one year of the negligent act, or one year of discovering the negligent act, but not more than three years after the negligent act. Ascension School Employees Credit Union, 916 So.2d at 259.
We agree. Under La. R.S. 37:105(B), the filing of a request for review *401 is deemed to be a claimant’s exercise of his right to seek judicial cognizance of his claim for purposes of La. R.S. 9:5604. Thus, the issue before us is whether Bernard, Cassisa timely filed a written request with the Society. By its own admission, Bernard, Cassisa discovered the acts of malpractice on May S, 2010. However, it did not file a written request for review with the Society until May 26, 2011,[2] which was more than one year from the discovery of defendants’ alleged acts of negligence. Thus, Bernard, Cassisa’s claims against defendants were untimely.
17Bernard, Cassisa argues that it complied with La. R.S. 9:5604 because it filed its Petition for Damages within one year of its discovery of the acts of malpractice. We find the premature filing and subsequent dismissal of the Petition for Damages had no effect on the peremp-tive period of La. R.S. 9:5604, as the per-emptive period cannot be interrupted or suspended. See Washington v. Fustok, 01-1601 (La.9/21/01); 797 So.2d 56. Only the timely filing of a written request for review under La. R.S. 37:105 prevents per-emption under La. R.S. 9:5604. Furthermore, when Bernard, Cassisa voluntarily dismissed the Petition for Damages in response to defendants’ exception of prematurity, it was as if the lawsuit had never been filed. See La. C.C. art. 3463.
Bernard, Cassisa also argues that defendants waived their right to a review panel by filing a petition to institute discovery and conducting discovery. We find no merit in this argument. Louisiana Revised Statute 37:116 provides that evidence may be submitted to the public accountant review panel. Subsection (D) specifically provides that “[u]pon request of any party or of any two panel members, the clerk of any district court shall issue subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection and copying.” Thus, the conducting of discovery and the use of the district court to aid in discovery are parts of the review panel process and do not constitute a waiver of the review panel.

DECREE

Based on the above, we find the trial court properly sustained defendants’ exception of prescription dismissing Bernard, Cassisa’s claims with prejudice. Costs of this appeal are assessed against plaintiff/appellant.

AFFIRMED

. The rules for statutory construction were summarized as follows:
1) it is presumed that every provision of law was intended to serve some useful purpose; 2) it is not presumed that the lawmaker intended for any part of a law to be meaningless; 3) the lawmaker is presumed to have enacted the law with full knowledge of all other laws pertaining to the same subject matter; 4) it is the duty of the courts to interpret a provision of law which harmonizes and reconciles it with other provisions pertaining to the same subject matter; and 5) when a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is preferred to one that renders part of the act nugatory. Additionally, rendering the whole, or a part, of a law meaningless is the last option available to a court when it interprets a law. Where a statute is ambiguous and susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences. [Internal citations omitted.]
Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., 916 So.2d at 258.

. The request for review is deemed filed on the date it is received, stamped, and certified by the Society or on the date of its mailing, if mailed by certified or registered mail. La. R.S. 37:102(C). The record shows Bernard, Cassisa mailed its request for review by certified mail on May 26, 2011.