WIENER, Circuit Judge:
Plaintiffs-Appellants Firefighters' Retirement System, Municipal Employees' Retirement System of Louisiana, and New Orleans Firefighters' Pension & Relief Fund (collectively, "Plaintiffs") filed accounting malpractice claims against Defendant-Appellee Grant Thornton ("GT"). GT filed a motion to dismiss the suit as premature because Plaintiffs failed to bring their claims before an accountant review panel, as required by Louisiana law. The district court agreed with GT and dismissed Plaintiffs' suit without prejudice. Plaintiffs now appeal, contending that GT is either estopped from asserting its right to a review panel or has waived that right. GT cross-appeals, arguing that those claims are extinguished because Plaintiffs failed to request *668 a review panel within the relevant peremptive period.
I. FACTS AND PROCEEDINGS
In 2008, Plaintiffs invested $100 million in the FIA Leveraged Fund ("Leveraged"). The terms of the Leveraged Offering Memorandum stated that GT was "the Fund's independent auditor" and would provide shareholders with "an annual audited financial report" of the Leveraged Fund.[1] GT prepared and issued the 2007 and 2008 audit reports for Leveraged. In 2011, GT withdrew these audits after an SEC investigation. GT admitted errors in its 2007 and 2008 reports and issued restated audits to correct previously overstated capital and net cash flow.[2] In 2012, Leveraged filed for bankruptcy.
In January 2014, Plaintiffs filed suit against GT in Louisiana state court alleging various accounting malpractice claims.[3] The suit was removed to the Middle District of Louisiana in February 2014 pursuant to 28 U.S.C. § 1334(b), as a civil case arising from a title 11 bankruptcy. In April 2014, GT filed a motion to dismiss based on (1) lack of personal jurisdiction, (2) improper venue, (3) untimeliness, (4) failure to state a claim, and (5) failure to join an indispensable party. In their opposition to dismissal, Plaintiffs noted that the case had not been reviewed by an accountant review panel, as required by Louisiana law. The magistrate judge then requested supplemental briefing on whether Plaintiffs were required to submit their claims against GT to a public accountant review panel pursuant to Louisiana Revised Statutes §§ 37:102 and 37:105.
In its supplemental brief, GT argued that Plaintiffs' suit was premature because they had not submitted their claims to a review panel before filing suit. GT explained that it did not previously raise this issue "because it did not want to create grounds for Plaintiffs to argue it had compromised its personal jurisdiction defense via reliance on a Louisiana statutory procedure." GT urged that the case should still be dismissed for lack of personal jurisdiction, but in the alternative should be dismissed as premature. Plaintiffs responded that GT had waived the prematurity defense by participating in the litigation for three years without mentioning the review panel.
In February 2017, the magistrate judge issued a report and recommendation on GT's motion to dismiss.[4] The magistrate judge concluded that the district court had personal jurisdiction over GT and that venue was proper in the Middle District of Louisiana. The magistrate judge also determined *669 that "because Plaintiffs' claims arise out of Grant Thornton USA's preparation of the Initial and Restated Audits," the claims were within the scope of the Louisiana Accountancy Act and Plaintiffs were required to submit their claims before a review panel prior to filing suit. The magistrate judge recommended dismissing the suit as premature.[5] Both parties objected to the report and recommendation. The district court reviewed the objections, adopted the magistrate judge's report and recommendation, and dismissed Plaintiffs' claims. Plaintiffs timely appealed and GT timely cross-appealed.
II. ANALYSIS
The appeal and cross-appeal raise two main issues: First, whether Plaintiffs' claims against GT were premature because they were not submitted to an accountant review panel; second, whether the claims are time barred under the applicable peremptive period. The district court determined that the claims were premature but did not address the peremption issue.
A. Plaintiffs' claims against GT are premature because they did not submit them before an accountant review panel prior to filing this lawsuit.
1. Standard of Review
We review the grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9] Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level...."[10] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[11]
2. Louisiana Accountancy Act
The parties do not dispute that these claims fall within the Louisiana Accountancy Act. Plaintiffs contend, however, that GT is estopped from asserting its right to a review panel or, in the alternative, that it has waived this requirement.
The LAA states that "[a]ll claims against certified public accountants or firms ... shall be reviewed by a public *670 accountant review panel."[12] "[N]o action against a certified public accountant or firm ... may be commenced in any court before the claimant's request for review has been presented to a public accountant review panel ... and the panel has issued a written opinion."[13] Compliance with this requirement "is not to be deemed optional."[14] District courts within the Fifth Circuit have dismissed accounting malpractice claims as premature because plaintiffs did not present the claims to an accountant review panel.[15]
It is undisputed that Plaintiffs filed suit before submitting their claims before a review panel. Plaintiffs do not contend they are exempt from this requirement, but argue that GT is estopped from asserting its right to a review panel because it previously asserted that it was not subject to specific personal jurisdiction in Louisiana. Plaintiffs also argue that GT waived its right to a review panel by not raising the issue earlier in the litigation. GT responds that estoppel does not apply because it has not taken inconsistent positions in the litigation. GT also contends that it has not waived its right to a review panel, as such a waiver requires a written agreement by the parties.
i. Judicial Estoppel
"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation."[16] Judicial estoppel requires: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently."[17] Plaintiffs contend that GT's contention that it is entitled to a review panel is inconsistent with its previous position that it was not subject to personal jurisdiction in Louisiana. The district court expressly found, however, that it had personal jurisdiction in this case. Even if Plaintiffs are correct that GT's position is inconsistent with its previous jurisdiction argument, the district court did not accept this supposedly inconsistent prior position. Judicial estoppel, therefore, does not prevent GT from invoking its right to an accountant review panel.[18]
ii. Waiver of Panel Review Requirement
Plaintiffs also argue that GT has waived its right to an accountant review panel by participating in this litigation for three years without raising the LAA review panel requirement. In support of *671 their argument, Plaintiffs rely on Moon Ventures, L.L.C. v. KPMG, L.L.P. , in which the Louisiana Third Circuit held that an accounting firm had "waived its right to ... a review panel when it filed not only one but two answers in this litigation and participated in discovery" without timely raising the issue of prematurity.[19] In response, GT contends that the review panel requirement is mandatory and can only be waived by "written agreement of both parties."[20]
The LAA states that a public accountant review panel is mandatory but may be waived "[b]y written agreement of both parties."[21] There is no such written agreement in this case. Instead, Plaintiffs contend that GT's participation in the litigation amounts to waiver, in accordance with Moon Ventures .
In that case, the defendant failed to file a dilatory exception of prematurity[22] despite filing two answers and participating in discovery during six years of litigation.[23] Under Louisiana procedure, "the dilatory exception shall be pleaded prior to or in the answer."[24] As noted, the defendant in Moon Ventures , filed two answers before filing a dilatory exception, in clear violation of the state procedural requirements.[25] The court in Moon Ventures thus reached its decision-which is arguably in conflict with the plain language of the statute[26] -based on Louisiana rules of procedure, which are not applicable in this case.[27]
Unlike the accountants in Moon Ventures , GT has not filed an answer in this case and addressed the prematurity issue in a motion to dismiss. Even if Moon Ventures applied to this case, GT has not waived its right to a review panel by its nominal participation in this litigation. Furthermore, unlike Moon Ventures , this litigation has not advanced as far as the suit in that case. It has been pending for three years but was stayed for 18 months pending the resolution of a related case. In any event, three years of litigation is still substantially different from the six-year litigation in Moon Ventures .[28] Plaintiffs'
*672 argument would be more persuasive if GT had filed an answer; however, the plain language of the statute is clear that parties may only waive their right to panel review by a written agreement.[29] Because GT is not estopped from asserting its right to panel review and has not waived this right, Plaintiffs' lawsuit was premature. We therefore affirm the district court's decision to dismiss Plaintiffs' lawsuit.
B. Plaintiffs' claims against GT are time-barred under the relevant peremptive period.[30]
GT cross-appeals and argues that Plaintiffs' claims are time-barred because they did not present their claims before a review panel within the applicable peremptive period. GT raised this issue in district court, but the magistrate judge declined to address it and instead recommended dismissing the case on prematurity grounds. Plaintiffs counter that (1) this issue is not ripe for review because it was not addressed in the district court; (2) it is not appropriate for a motion to dismiss because it involves disputed fact issues; and (3) their claims are not extinguished because either contra non valentum or GT's post-malpractice fraud suspended the peremptive period.
1. Standard of Review
This court reviews a Rule 12(b)(6) dismissal de novo and "may affirm on any basis supported by the record."[31] The district court dismissed Plaintiffs' claims without prejudice, but a dismissal without prejudice may be converted into a dismissal with prejudice when a defendant files a cross-appeal, as GT has done here.[32] This court has dismissed a case with prejudice when the district court's dismissal was based on a failure to exhaust and further proceedings would be futile.[33]
*673 We conclude that judicial economy is best served by resolving the peremption question at this stage in the proceeding. Both parties have had ample opportunities to address the issue in the district court, as well as in their appellate briefs. Plaintiffs argue peremption is not properly before the court because this issue necessarily involves factual inquiries, but they also admit that any ruling on peremption must be based on allegations in the complaint. We shall therefore address the peremption issue and evaluate the timeliness of Plaintiffs' claims based on the facts they alleged in the initial state court petition.
2. Peremptive period for accounting malpractice claims
GT contends that Plaintiffs' claims are not only untimely but also extinguished under Louisiana law. Section 9:5604 of the Louisiana Revised Statutes establishes the limitations periods for claims of professional accounting liability. It states:
No action for damages against any accountant duly licensed under the laws of this state ... arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.... in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.[34]
These one- and three-year limitations periods are peremptive, so they "may not be renounced, interrupted, or suspended."[35] Neither of these limitations periods "shall [ ] apply in cases of fraud."[36] Plaintiffs contend that the peremptive periods were suspended by either (1) the equitable doctrine of contra non valentum or (2) GT's post-malpractice fraudulent concealment.
i. Contra non Valentum
Under Louisiana law, contra non valentum "prevents the commencement of the running of prescription 'when the plaintiff does not know nor [sic] reasonably should know of the cause of action.' "[37] This equitable doctrine "demand[s] suspension when the plaintiff is effectively prevented [from] enforcing his rights for reasons external to his own will."[38] The Louisiana Supreme Court "has distinguished prescription from peremption in that contra non valentum does not apply to peremption ."[39] Contra non valentum, therefore, does not extend the peremptive period in this case.[40]
*674 ii. Fraud
Plaintiffs also insist that the fraud exception suspends the running of the peremptive period in this case. The Louisiana Civil Code defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."[41]
Plaintiffs contend that in Lomont v. Bennett , the Louisiana Supreme Court also held that "post-malpractice fraudulent concealment can constitute fraud as contemplated by La. R.S. 9:5605(E),"[42] and that, at the very least, fact questions exist as to whether GT concealed its accounting malpractice. Plaintiffs acknowledge that Lomont addressed Louisiana's legal malpractice statutes, but aver that the accounting malpractice statute "contains identical language and provides for the same exception." Neither this court nor Louisiana courts have addressed whether the rule in Lomont applies to accounting malpractice claims. We assume, without deciding, that if Plaintiffs have sufficiently alleged that GT engaged in post-malpractice fraudulent concealment, the fraud exception to the peremptive period will apply.
In Lomont , the Louisiana Supreme Court held that "post-malpractice fraudulent concealment can constitute fraud" but explained that "[s]pecific intent to deceive is a necessary element of fraud, and fraud cannot be based on mistake or negligence, regardless how great."[43] To determine if a defendant committed fraud, the court should evaluate the defendant's actions and "consider whether [its] misrepresentations were deliberate and 'knowing' and whether evidence of the misrepresentations was concealed."[44]
In their complaint, Plaintiffs allege that GT "failed to detect and report" the following information in either the initial or restated audits:
• That $42 million of the proceeds of the initial offering were not invested, but used to pay obligations to Citco;
• The conflict of interest between Citco, Fletcher, and Leveraged investors;
• The reasons GT resigned as an auditor of Leveraged; and
• The accurate value of specific notes within the Leveraged Fund.
Even assuming that these allegations are true, as is required at this stage of the proceedings, Plaintiffs have failed to allege that GT made any of these omissions with a "[s]pecific intent to deceive."[45] "[F]raud cannot be based on mistake or negligence, regardless how great."[46] Plaintiffs have failed to allege that GT acted with specific intent to deceive, made deliberate misrepresentations, or concealed the alleged misrepresentations. Because these are required elements of post-malpractice fraudulent concealment, Plaintiffs have failed to allege a plausible claim of fraud.[47] The fraud exception thus did not suspend the peremptive period.[48]
iii. Peremptive period
Even though Plaintiffs have failed to allege facts which demonstrate that the *675 peremptive period was suspended, we must still determine when the peremptive period began to evaluate the timeliness of Plaintiffs' claims. To be timely, Plaintiffs must have filed their claims
"in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.... [and] in all events such actions shall be filed ... within three years from the date of the alleged act, omission, or neglect."[49]
The parties disagree regarding when the relevant conduct occurred and when Plaintiffs knew, or should have known, about the alleged misconduct.[50] To evaluate the timeliness of Plaintiffs' claims we "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[51] Plaintiffs claim they did not have knowledge of the alleged misconduct until November 2013 when they received a Trustee Report that revealed additional factual inaccuracies in the 2011 restated audits. They also contend that this misconduct occurred in 2011, less than 3 years before they filed this lawsuit. For the purposes of this appeal, we will accept these allegations as true.[52]
Even if Plaintiffs did not have constructive notice of the alleged misconduct until 2013, their claims are still perempted. After the district court dismissed the case, Plaintiffs filed their first petition before an accountant review panel on March 23, 2017. GT argues that this petition is now perempted because filing in state court does not interrupt the applicable peremptive period, and all of the alleged misconduct occurred more than three years before March 23, 2017.
The Louisiana Fifth Circuit Court of Appeal recently addressed a similar fact pattern.[53] In Bernard, Cassisa, Elliott & Davis v. Estate of Laporte , plaintiffs filed an accounting malpractice claim in state court in March 2011.[54] Defendants filed a dilatory exception of prematurity, insisting *676 that the claim had to be reviewed by an accounting panel.[55] Plaintiffs filed their claim with the review panel on May 31, 2011, and initiated discovery proceedings in state court.[56] In response, defendants filed an exception arguing that the claim was perempted because plaintiffs had knowledge of the alleged malpractice on May 3, 2010, but failed to file a request for an accountant review panel until May 31, 2011-more than one year later.[57] The state trial court dismissed the claim on peremption grounds.[58]
On appeal, the Louisiana Fifth Circuit explained that "[b]ecause the rights to which peremptive periods attach are extinguished after the passage of a specified period of time, nothing may interfere with the running of a peremptive period."[59] The court specifically found that "the premature filing and subsequent dismissal of the Petition for Damages had no effect on the peremptive period.... Only the timely filing of a written request for review under La. R.S. 37:105 prevents peremption."[60] The Louisiana Supreme Court denied the writ.[61]
Applying the rule in Bernard to this case, Plaintiffs' claims are time-barred. Louisiana law is clear that Plaintiffs cannot bring a malpractice claim against GT before submitting their claim to an accountant review panel.[62] At the absolute latest, Plaintiffs were aware of these potential claims on January 17, 2014, when they filed this lawsuit in state court. Once they were aware of the claim, they had one year to file a written request for a review panel.[63] Inexplicably, they waited more than three more years before filing their first request for panel review; that was on March 23, 2017. Because filing a lawsuit in state court does not suspend the peremptive period for accounting malpractice claims, Plaintiffs' claims currently before the review panel were filed outside the peremptive period and are therefore extinguished.[64]
III. CONCLUSION
We AFFIRM the district court's dismissal of Plaintiffs' claims as premature. Additionally, all of Plaintiffs' accounting malpractice claims must be dismissed with prejudice because they were filed outside the relevant peremptive period and thus were extinguished.

GT alleges that it did not issue the audit opinions at issue in this case. It contends a separate legal entity, Grand Thornton Cayman, did all of the work for the Leveraged audit reports. Plaintiffs claim that GT performed all of the audit services and the two entities have an agency relationship. Regardless, it is not necessary for us to reach this issue in order to resolve the issues presented in this appeal.

Plaintiffs also contend that during the relevant time period, GT served as a personal financial advisor for Alphonse Fletcher. In the course of this relationship, Leveraged loaned Fletcher $27 million, allegedly in violation of the terms of the Leveraged Offering. Plaintiffs allege that this transaction demonstrates that GT had a conflict of interest and was therefore unable to perform its role as Leveraged's "independent auditor." This argument, however, is not directly related to the issues in the present appeal.

Plaintiffs also named Consulting Services Group, LLC ("CSG") as a defendant; however, Plaintiffs had already filed claims against CSG and twenty-two other defendants in state court. The new claims against CSG were consolidated with the previous suit. CSG is no longer a defendant in this case.

The delay between the date of filing and the magistrate judge's opinion is largely explained by an eighteen-month stay during this courts' consideration and ruling in the related case of Firefighters' Ret. Sys., et al. v. Citco Grp. Ltd. , 796 F.3d 520 (5th Cir. 2015) ("Citco Case").

The court did not address GT's peremption arguments.

Hines v. Alldredge , 783 F.3d 197, 200-01 (5th Cir. 2015) (quoting True v. Robles , 571 F.3d 412, 417 (5th Cir. 2009) ).

Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ).

Id.

Id.

Twombly , 550 U.S. at 555, 127 S.Ct. 1955.

Beavers v. Metro. Life Ins. Co. , 566 F.3d 436, 439 (5th Cir. 2009) (quoting Fernandez-Montes v. Allied Pilots Ass'n , 987 F.2d 278, 284 (5th Cir. 1993) ).

La. Stat. Ann. § 37:102(A).

Id. § 37:105(A).

Id.

See Bickerstaff v. Bickerstaff , 226 F.Supp.3d 652, 655-58 (E.D. La. 2016) ; Barrack Children's Irrevocable Tr. v. Pailet , No. CIV.A. 12-00784, 2012 WL 2513682, at *1 (E.D. La. June 27, 2012).

In re Superior Crewboats, Inc. , 374 F.3d 330, 334 (5th Cir. 2004).

Reed v. City of Arlington , 650 F.3d 571, 574 (5th Cir. 2011).

See itation case-ids="7002497" index="23" url="https://cite.case.law/so-3d/113/397/#p401">id. In fact, Plaintiffs might have waived this issue. They did not include this argument in their response to GT's motion to dismiss, in the supplemental briefing requested by the magistrate judge, or in their objections to the report and recommendation. "An argument not raised before the district court cannot be asserted for the first time on appeal." SmithGroup JJR, P.L.L.C. v. Forrest Gen. Hosp. , 661 F. App'x 261, 265 (5th Cir. 2016) (quoting XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd. , 513 F.3d 146, 153 (5th Cir. 2008) ). By failing to raise this issue in the district court, Plaintiffs likely waived it.

Moon Ventures, L.L.C. v. KPMG, L.L.P. , 2006-1520, p. 6 (La. App. 3 Cir. 8/15/07), 964 So.2d 446, 451, writ denied, 2007-1862 (La. 11/21/07), 967 So.2d 1156.

See La. Stat. Ann. §§ 37:105(A), 37:107.

La. Stat. Ann. § 37:107.

Louisiana's dilatory exceptions serve a similar purpose as do motions to dismiss under the Federal Rules of Civil Procedure. See La. Code Civ. Proc. arts. 923, 926 ; see also N. Stephan Kinsella, A Civil Law to Common Law Dictionary , 54 La. L. Rev. 1265, 1266 (1994) ("A dilatory exception retards the progress of a lawsuit, but does not tend to defeat the action. Examples include prematurity, vagueness of the petition, and nonjoinder of a necessary party.").

Moon Ventures, L.L.C. , 964 So.2d at 448, 450. The court relied on Solow v. Heard, McElroy & Vestal, L.L.P. , which held that parties may waive panel review "by failing to assert a dilatory exception of prematurity timely as required by La. C.C. P. art. 926(B), which states '[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein.' " Solow v. Heard, McElroy & Vestal, L.L.P. , 2005-1028 (La. App. 4 Cir. 4/12/06), 937 So.2d 875, 878, on reh'g (May 31, 2006), writ denied, 2006-1680 (La. 10/6/06), 938 So.2d 80.

La. Code Civ. Proc. art. 928.

Moon Ventures, L.L.C. , 964 So.2d at 451.

The dissent in Moon Ventures explained that while a party may waive the dilatory exception, it cannot waive the right to a review panel. See ids="8354142" index="35" url="https://cite.case.law/so-2d/964/446/#p451">id. at 451-53.

See ids="8354142" index="36" url="https://cite.case.law/so-2d/964/446/#p451">id. at 451.

See also Bernard, Cassisa, Elliott & Davis v. Estate of Laporte , 12-758 (La. App. 5 Cir. 3/27/13), 113 So.3d 397, 401, writ denied, 2013-0899 (La. 5/31/13), 118 So.3d 398 ("[C]onducting of discovery and the use of the district court to aid in discovery are parts of the review panel process and do not constitute a waiver of the review panel.").

La. Stat. Ann. §§ 37:105(A), 107.

For a brief discussion of the civil law doctrine of peremption, see Jeffrey J. Gelpi, Comment, Has Prescription Preempted Peremption?: A Plea to Bury the Ghosts of Survival Actions , 89 Tul. L. Rev. 253, 259 (2014) ("Peremption is 'a period of time fixed by law for the existence of a right.' Unlike prescription, which simply bars the remedy, peremption destroys the right itself.... A peremptive period defines the period of time for the right subject to peremption to exist and extinguishes the right upon the expiration of the period. Once the peremptive period has expired, no cause of action or substantive right exists to be enforced." (quoting La. Civ. Code art. 3458 ) ).

Asadi v. G.E. Energy (USA), L.L.C. , 720 F.3d 620, 622 (5th Cir. 2013).

See Arvie v. Broussard , 42 F.3d 249, 250 (5th Cir. 1994) ; see also 15A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3904 (2d ed. 1992).

See, e.g. , Manemann v. Garrett , 484 F. App'x. 857, 859 (5th Cir. 2012) (dismissing case with prejudice where the district court had dismissed claims for failure to exhaust administrative remedies and plaintiff's claims had by then become time-barred, making further proceedings futile).
Plaintiffs urge this court not to resolve the peremption question because the same issue is now pending in district court. Some procedural background may be beneficial here. After the district court dismissed Plaintiffs' claims as premature, they filed a notice with an accountant review panel and initiated a proceeding in district court to obtain discovery related to such a panel. GT objected to the review panel and filed a motion to dismiss the discovery proceeding based on the same peremption argument it raises in this cross-appeal. According to GT, both the district court and the accountant review panel have not yet addressed the peremption issue. GT claims that if we do not address peremption now, a future appeal will present "the very same question."

La. Stat. Ann. § 9:5604(A) (emphasis added).

La. Civ. Code art. 3461.

La. Stat. Ann. § 9:5604(E).

Terrebonne Par. Sch. Bd. v. Columbia Gulf Transmission Co. , 290 F.3d 303, 320 (5th Cir. 2002) (quoting Picard v. Vermilion Parish Sch. Bd. , 2000-1222, 4 (La. App. 3 Cir. 4/4/2001), 783 So.2d 590, 594 ).

Terrebonne Par. Sch. Bd. v. Mobil Oil Corp. , 310 F.3d 870, 885 (5th Cir. 2002).

Reeder v. North , 97-0239 (La. 10/21/97), 701 So.2d 1291, 1298 (emphasis added).

Plaintiffs claim that contra non valentum applies here based on the Louisiana Supreme Court's decision in Lomont , in which the court held contra non valentum applied when the plaintiff's "delay in bringing [suit] was a direct result of [the defendant's] fraud." Lomont v. Bennett , 2014-2483 (La. 6/30/15), 172 So.3d 620, 637. The claim in Lomont , however, was governed by a prescriptive-not peremptive-period. Id. Because contra non valentum does not apply to peremptive periods, Plaintiffs' argument is unconvincing.

La. Civ. Code art. 1953.

Lomont , 172 So.3d at 629.

Id. at 627, 634.

Id. at 634.

Lomont , 172 So.3d at 634.

Id.

Id.

See id ;La. Civ. Code art. 1953.

La. Stat. Ann. § 9:5604.

GT contends that Plaintiffs' claims are based on the 2007 and 2008 audit opinions, and therefore their 2014 lawsuit and 2017 review panel request are perempted because both were filed more than three years after the alleged misconduct. GT also argues that Plaintiffs' claims based on the 2011 restatements are perempted because they admitted they knew their investment was not liquid and the accounting statements were inaccurate when they received the promissory notes on June 15, 2011. Plaintiffs contend they were not on notice of the alleged malpractice until November 2013, when they learned of additional factual inaccuracies in the 2011 audit restatements. As discussed above, even accepting Plaintiffs' claims as true, those claims are still barred by the peremptive period in La. Stat. Ann. § 9:5604.

Hines , 783 F.3d at 201 (quoting True , 571 F.3d at 417 ).

The undisputed facts of this case, however, indicate that Plaintiffs likely had notice of the alleged misconduct in 2011. In their initial petition in the Citco case, Plaintiffs explained that the date they received the promissory note in 2011 was "the first point in time that [Plaintiffs] had any notice or knowledge that [their] investment in [Leveraged] was not liquid and that the valuations contained in the account statements issued to it were not accurate." Pl.'s Pet. for Damages ¶ 41, Firefighters' Ret. Sys. v. Citco Grp. Ltd. , Civil Action No. 3:13-cv-373 (M.D. La. June 11, 2013), filed as Exh. A to Defendants' Notice of Removal, ECF No. 1 ("Plaintiffs' Initial Petition for Damages"). This petition is a matter of public record and subject to judicial notice. See Norris v. Hearst Trust , 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Bernard, Cassisa, Elliott & Davis , 113 So.3d at 399.

Id. at 398.

Id. In July 2011, the parties entered into an agreement that the plaintiffs' claims were premature and the suit was dismissed without prejudice.

Id.

Id. at 399.

Id.

Id.case-ids="7002497" index="69" url="https://cite.case.law/so-3d/113/397/#p401"> at 400.

Id.case-ids="7002497" index="70" url="https://cite.case.law/so-3d/113/397/#p401"> at 401.

Bernard, Cassisa, Elliott & Davis v. Estate of LaPorte , 2013-0899 (La. 5/31/13), 118 So.3d 398 (denying writ).

La. Stat. Ann. § 37:105(A).

La. Stat. Ann. § 9:5604(A) ; see Bernard, Cassisa, Elliott & Davis , 113 So.3d at 401.

See ids="7002497" index="75" url="https://cite.case.law/so-3d/113/397/#p401">id. ; see also Holloway Drilling Equip. v. Broussard , 2014-668 (La. App. 3 Cir. 1/14/15), 158 So.3d 164, 171, writ denied, 2015-0312 (La. 5/1/15), 169 So.3d 372 ("The filing of a request for review with the public accountant review panel within one year of the alleged acts giving rise to the complaint is an 'exercise of [a claimant's] right to seek judicial cognizance of his claim' and is sufficient to avoid peremption. Filing suit in district court prematurely will not be sufficient to avoid the peremptive periods established in La. R.S. 9:5604." (internal citations omitted) ).