# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2020

Lyle W. Cayce
Clerk

No. 19-11050

IN THE MATTER OF: CONNECT TRANSPORT, L.L.C.

*Debtor,*

BBX OPERATING, L.L.C.,

*Appellant,*

*versus*

BANK OF AMERICA, N.A.,

*Appellee.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-3219

Before SMITH, GRAVES, and HO, *Circuit Judges.*

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BBX Operating, L.L.C., appeals a bankruptcy court's decision, affirmed by the district court, dismissing its claims against Bank of America, N.A., for failure to state a claim upon which relief can be granted. We affirm.

## I.

BBX Operating, L.L.C., is a Texas limited liability company that drills and operates wells in East Texas. Murphy Energy Corporation was an entity whose business included transportation of oil condensate and natural gas liquids to market. In September 2008, BBX and Murphy entered into a contract for the sale and purchase of natural gas liquids and condensate.

Under the contract, BBX extracted natural gas, and Murphy, after identifying the best market for the natural gas, transported it to third-party customers. These third-party customers then wired payment to a Bank of America bank account in Murphy's name. Pursuant to the agreement, Murphy would take a flat marketing fee and a variable transportation fee from those funds. At the end of each month, Murphy calculated transportation costs and provided BBX with a statement estimating BBX's share. After receiving the statement, BBX would send Murphy a payment instruction letter. Murphy then remitted the agreed upon funds to BBX, which then distributed payments to working interest owners and royalty owners consistent with their respective ownership interest in the wells that produced the natural gas.

This arrangement operated smoothly until June 2016 when Bank of America allegedly swept funds from Murphy's account. At the time, the account included proceeds from the natural gas produced in May 2016.

Later that year, Murphy filed for bankruptcy. BBX appeared in the bankruptcy as one of Murphy's unsecured creditors. BBX filed this adversarial action against Bank of America in Murphy's bankruptcy proceedings, claiming that BBX was entitled to some of the funds swept by

No. 19-11050

Bank of America.  After Bank of America filed a motion to dismiss, but prior to any ruling, BBX withdrew its original pleading and refiled an amended complaint.  Bank of America again moved to dismiss this first amended complaint, which the bankruptcy court granted.

Following the dismissal, BBX filed a motion asking the bankruptcy court to reconsider its initial ruling and sought leave to file a third iteration of the complaint.  The bankruptcy court, after reviewing the proposed new pleading, concluded that "allowing the amendment would be futile" because "the Second Amended Complaint [did] not cure the legal defects that resulted in [the bankruptcy court] entering the Dismissal Order."  BBX appealed that decision to the district court, which in a written opinion affirmed the bankruptcy court's decisions on the motion to dismiss and motion for reconsideration.  BBX now appeals to this court.

## II.

BBX's first amended complaint raised claims for (1) conversion, (2) unjust enrichment, (3) money had and received, and (4) declaratory judgment.  Both the bankruptcy court and district court found that these claims could not survive a motion to dismiss.

We review de novo the grant of a motion to dismiss.  *Firefighters' Retirement Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018).  To withstand a motion to dismiss, a complaint must contain factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

BBX first argues that the district court erred in affirming the bankruptcy court's dismissal of BBX's conversion claim.  "Conversion

No. 19-11050

occurs when, wrongfully and without authorization, one assumes and exercises control and dominion over the personal property of another, either inconsistently with or to the exclusion of the owner's rights." *United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012). To state a claim for conversion under Texas law, a plaintiff must plead four elements: (1) the plaintiff owned, possessed, or had the right to immediately possess the property; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded the return of the property; and (4) the defendant refused to return the property. *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009).[1]

As both the bankruptcy and district courts found, BBX failed to plead the first element of its conversion claim—"ownership, possession, or the right of immediate possession" of the allegedly converted money. *Boardwalk Motor Sports*, 692 F.3d at 381. The amended complaint did not allege that BBX possessed or had the immediate right to possess the funds at the time of the alleged conversion. Instead, BBX attempted to satisfy the first element of its conversion claim by alleging that it owned the funds. And to be sure, the amended complaint contained statements to that effect, including statements that the funds "properly . . . belong[ed] to BBX" and that "the equitable owner of the funds was BBX."

But "simply pleading the legal status" of ownership "does not alone suffice." *See Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528 (5th Cir. 2018).

---

[1] Conversion claims for money require a plaintiff to plead additional elements. *In re TXNB Internal Case*, 483 F.3d 292, 308 (5th Cir. 2007). We need not address whether BBX appropriately pleaded these money-specific elements because the amended complaint failed to plead the conversion elements outlined here.

The complaint must put forward "more than labels and conclusions" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555; *see generally* 2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.04[1][f] (3d ed. 2019). It must contain "well-pleaded facts" that make the allegation of ownership plausible. *Iqbal*, 556 U.S. at 679. And those statements regarding ownership do not do that. They are conclusory allegations, which merely "parrot the words needed to create a claim" without providing any factual basis for how BBX maintained an ownership interest in the funds. *Gulf Coast Hotel-Motel Ass'n. v. Miss. Gulf Coast Golf Course Ass'n.*, 658 F.3d 500, 506 (5th Cir. 2011).

Perhaps recognizing this deficiency, the amended complaint characterized the funds at issue as "trust funds," and claimed that Murphy "held the funds . . . in trust for BBX"—the rightful owner. Yet that label is again unsupported by any factual allegations. The complaint said nothing of when or how this alleged trust was formed. And there are no allegations that Murphy entered into an agreement to create a trust. On appeal, BBX attempts to resolve this issue by claiming the existence of a constructive trust, giving BBX an ownership stake in the funds at the time of their alleged conversion. But this contention misconstrues the nature of constructive trusts in Texas. Under Texas law, a constructive trust is "not an arrangement created by parties to a transaction to establish the rights and duties between them and which can be enforced by a trial court." *York v. Boatman*, 487 S.W.3d 635, 646 (Tex. App.—Texarkana 2016, no pet.). Instead, it is a remedy created by the courts to prevent unjust enrichment. *Id.* Thus, under Texas law, "[n]o constructive trust exists unless and until a court imposes it as a remedy." *Id.* at 647. Here, no court has ordered a constructive trust to be imposed, so BBX could not have an ownership interest in the funds at the time of their conversion based on a constructive trust theory.

No. 19-11050

In short, after stripping the amended complaint of its legal conclusions, BBX has not provided any factual allegations leading to the plausible inference that it owned, possessed, or had the right to immediate possession of the funds at the time of their alleged conversion. *See Boardwalk Motor Sports,* 692 F.3d at 381. The bankruptcy court did not err in dismissing BBX's conversion claim.

Next, BBX argues that the district court erred in affirming the bankruptcy court's dismissal of BBX's unjust enrichment claim. For the purposes of this appeal, we assume that unjust enrichment is an independent cause of action under Texas law.[2] To survive a motion to dismiss on an unjust enrichment claim, a plaintiff must plead facts sufficient to lead to the plausible inference that the defendant "obtained a benefit from [the plaintiff] by fraud, duress, or the taking of an undue advantage." *Sullivan v. Leor Energy, L.L.C.*, 600 F.3d 542, 550 (5th Cir. 2010) (quoting *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

Here, as both the bankruptcy and district courts found, BBX has not alleged such facts. The complaint contains no allegations that when Bank of America swept Murphy's account it violated the terms of its account or loan agreements with Murphy. And nothing in BBX's allegations, when taken as true, would establish that Bank of America, through fraud, duress, or the taking of undue advantage, acquired and retained property belonging to BBX. Therefore, the district court did not err in affirming the district court's dismissal of BBX's unjust enrichment claim.

---

[2] As we have previously noted, Texas appellate courts "appear split on whether unjust enrichment is an independent cause of action." *Elias v. Pilo*, 781 F. App'x 336, 338 n.3 (5th Cir. 2019). We need not resolve this issue today.

No. 19-11050

Third, BBX challenges the bankruptcy court's dismissal of its money had and received claim. Money had and received is an equitable doctrine designed to prevent unjust enrichment. *London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The cause of action arises when one "obtains money which in equity and good conscience belongs to another." *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.). A money had and received claim is "not based on wrongdoing." *Id.* Instead, it asks whether the defendant received money belonging to the plaintiff. *See Staats v. Miller*, 243 S.W.2d 686, 687–88 (Tex. 1951).

BBX has not alleged facts demonstrating that the funds Bank of America swept from Murphy's account belong to BBX. Nothing in the sales contract or any other agreement between BBX and Murphy demonstrates that funds Murphy collected and placed in a Bank of America account in Murphy's name belong to BBX. Furthermore, BBX is no more the owner of those funds than the working interest owners and royalty owners that were supposed to receive payment after Murphy remitted a portion of the funds to BBX. At most, the amended complaint demonstrates that BBX has an unsecured breach of contract claim against Murphy for failing to satisfy whatever amounts Murphy owed BBX under the sales contract that governed their relationship. It does not demonstrate that these particular funds belong to BBX. Thus, the district court properly dismissed BBX's money had and received claim.

Finally, BBX's first amended complaint also sought a declaratory judgment holding that the funds Bank of America swept are not part of Murphy's bankruptcy estate. When considering a declaratory judgment action, we first consider "whether an actual controversy exists between the parties to the action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (internal quotations and citation omitted). An actual controversy

"must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)).

Both the bankruptcy court and the district court correctly found that no actual controversy existed between the parties. That is because no party claimed that the funds were part of the Murphy's estate. BBX claims that it owns, and always has owned, the funds at issue. And, Bank of America's position is that Bank of America currently owns the funds at issue and that it took possession of the funds prior to the formation of the bankruptcy estate. No party, not even the Murphy estate, has argued that the estate has any interest in the funds. Thus, no actual controversy exists between the parties, and the district court did not err in affirming the bankruptcy court's dismissal of BBX's declaratory judgment claim.

## III.

Finally, BBX argues that the district court erred in affirming the bankruptcy court's denial of BBX's motion to amend the complaint as futile. It is within the bankruptcy court's discretion to deny a motion to amend that is futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). To determine whether a motion is futile, we apply the same standard as applied under Rule 12(b)(6). *Id.* So we ask whether the proposed complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Here, the second amended complaint proffered by BBX failed put forth such "sufficient factual matter." *Iqbal*, 556 U.S. at 678. A review of the second amended complaint reveals that BBX added allegations regarding

No. 19-11050

the content of the sales contract between Murphy and BBX and allegations about Bank of America's payments to a non-party. Those allegations, though new, do nothing to cure the deficiencies of the first amended complaint. The new complaint, like the old, fails to state a claim. Thus, the second amended complaint is futile, and the district court did not err in affirming the bankruptcy court's denial of BBX's motion to amend.

\* \* \*

For the reasons discussed above, we affirm.